UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 15-2098-cmm

UNITED STATES OF AMERICA

vs.

CHRISTOPHER J. SPANN,

       Defendant.

_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   ___Yes   _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   ___Yes   _X_ No

                          Respectfully submitted,

                          WIFREDO A. FERRER
                          UNITED STATES ATTORNEY

BY: _____
       KEVIN S. QUENCER
       ASSISTANT U.S. ATTORNEY
       Court No. A5501891
       99 N. E. 4th Street
       Miami, Florida, 33132-2111
       TEL (305) 961-9268
       FAX (305) 536-4699

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Christopher J. Spann,<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 15-2098-CMM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 30, 2015__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:
Please see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Det. Derek Rodriguez, ATF/TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1-31-15

_____
*Judge's signature*

City and state: Miami, Florida

Chris M. McAliley, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Derek Rodriguez, being duly sworn, deposes and states:

## INTRODUCTION

1. I am a Detective with the Miami Gardens Police Department where I have worked for seven years, and I have been employed as a law enforcement officer for fourteen years. During my time working with law enforcement, I have worked on investigations involving narcotics, firearms violations, aggravated assaults, aggravated battery, attempted murders, gang related offenses and other firearms offenses.

2. I am currently assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Task Force, as a Task Force Officer ("TFO"). As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code. That is, I am an officer of the United States, who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18 of the United States Code.

3. As part of my duties, I am responsible for investigating federal and state laws pertaining to, among other things, firearms and narcotics violations, including violations of Title 18, United States Code, Sections 922 and 924.

4. I am submitting this affidavit for the limited purpose of establishing probable cause for a criminal complaint against Christopher J. Spann ("SPANN") for a violation of Title 18, United States Code, Section 922(g)(1).

5. The facts in this affidavit are based upon my personal knowledge, as well as knowledge, information, and documentation that I obtained from other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause,

1

it does not include every fact known to me or to other law enforcement officers regarding this matter.

## PROBABLE CAUSE

6. In the late evening hours of January 30, 2015, law enforcement officers were patrolling in the area of NW 57th Street and 12th Avenue, Miami, Florida, which is in the Southern District of Florida. Officers observed a black male, later revealed to be SPANN, openly carrying a black rifle. SPANN carried the black rifle towards a parked gray Dodge Charger and placed the rifle into the trunk of that parked vehicle.

7. After SPANN placed the firearm in the trunk of the gray Dodge, law enforcement officers observed SPANN get into the front passenger seat of the vehicle. A female in the driver's seat of the car then began to drive the car away from the area.

8. Law enforcement officers followed the gray Dodge containing SPANN. Once other units arrived in the area, the officers initiated a traffic stop by activating the emergency lights on their unmarked police vehicles. The vehicle containing SPANN stopped. Law enforcement officers exited their vehicle and told both SPANN and the driver of the gray Dodge to exit the vehicle, which they did, where they were temporarily detained. One officer then opened the trunk of the gray Dodge using the driver's side trunk button. The officer then walked around to the trunk of the vehicle. Inside the open trunk, officers observed a black .40 caliber Hi-Point rifle. The rifle had a .40 caliber bullet in the chamber and approximately ten .40 caliber rounds in the attached .40 caliber magazine.

9. Records checks at the scene indicated that SPANN was a convicted felon and he was arrested and the rifle was seized.

2

10. A preliminary analysis of the firearm discovered in the trunk of the gray charger determined that it was a Hi-Point .40 caliber rifle; because Hi-Point rifles are not manufactured in Florida, the gun has traveled in interstate commerce.

11. A check of the criminal indices determined that SPANN has been previously convicted of a felony offense, that is, a crime punishable by a maximum term of imprisonment greater than a year, and has not applied to have his rights to possess a firearm restored.

## CONCLUSION

12. In light of the facts described above, I respectfully submit that there exists probable cause to believe that SPANN committed a violation of Title 18, United States Code, Section 922(g)(1), that is, possession of a firearm by a convicted felon.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Task Force Officer Det. Derek Rodriguez,
Bureau of Alcohol, Tobacco and Firearms

Subscribed to and sworn before
me this 31st day of January, 2015.

HONORABLE CHRIS M. MCALILEY
UNITED STATES MAGISTRATE JUDGE

3